```
                    United States District Court
                      District of Massachusetts
_____
                              )
ROSE T. KOZARYN,              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    10-11510-NMG
OCWEN LOAN SERVICING, LLC, and)
HSBC BANK USA, N.A., as Trustee)
for Ace Securities Corp. Home )
Equity Loan Trust and for the )
Registered Holders of Ace     )
Securities Corp. Home Equity  )
Loan Trust, Series 2007-HE4,  )
Asset-Backed Pass-Through     )
Certificates,                 )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Rose T. Kozaryn ("Kozaryn") brings suit against defendants Ocwen Loan Servicing, LLC ("Ocwen") and HSBC Bank USA, N.A. ("HSBC"), in its capacity as Trustee for Ace Securities Corp. Home Equity Loan Trust and for the registered holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE4, Asset-Backed Pass-Through Certificates, for violations of 1) the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A ("Chapter 93A") (Count I) and 2) the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f)(2) (Count II). Pending before the Court is defendants' motion to dismiss Count I of the Complaint.

## I. Factual Background

In 2007, Kozaryn refinanced a mortgage on her residence in North Falmouth, Massachusetts ("the Property"). She negotiated a loan from DB Home Lending, Inc. ("DB") in the amount of $317,250 which was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). Ocwen is the servicer of the loan.

In late 2009, after plaintiff began having difficulty making mortgage payments, she initiated efforts to obtain a loan modification. On October 19, 2009, plaintiff requested the identity of the owner of the mortgage on the Property but defendants failed to respond.

On May 19, 2010, plaintiff submitted to Ocwen a completed loan modification application with all required documentation, including the Request for Modification and Affidavit form, income documentation, bank statements, tax returns and a signed IRS 4506T form. Plaintiff sent the application via fax and received a fax confirmation of delivery. On June 1, 2010, Ocwen responded with a loan modification denial letter which stated "We are unable to offer you a Modification because Your financial details are missing."

Plaintiff alleges that: 1) she is eligible for a loan modification under the federal Home Affordable Modification Program ("HAMP"), 2) Ocwen is obligated to follow HAMP

guidelines, including evaluating a homeowner's loan modification application within 30 days of receipt, because it has a mortgage-servicing contract with the United States Department of Treasury and 3) Ocwen's failure to evaluate her completed application for HAMP constitutes an unfair and deceptive practice in violation of Chapter 93A.  Ocwen failed to respond to plaintiff's Chapter 93A demand letter.

Plaintiff also contends that both HSBC and Ocwen, as the agent of HSBC, violated TILA by failing to provide the identity of the owner of the mortgage, despite her repeated requests.

## II. **Procedural History**

In September, 2010, plaintiff filed the Complaint against defendants alleging, with respect to Ocwen, a violation of Chapter 93A (Count I) and, with respect to both defendants, a violation of TILA (Count II).  Plaintiff seeks: 1) an order requiring Ocwen to evaluate plaintiff for foreclosure alternatives, including loan modification under HAMP and 2) damages, costs and attorney's fees for the violations of Chapter 93A and TILA.

Defendants responded to the Complaint by filing an Answer with respect to Count II and a motion to dismiss with respect to Count I, which plaintiff opposed.

**III. Analysis**

    **A.   Legal Standard**

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state

a cause of action.  Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

   **B.  Application**

Defendants move to dismiss Count I on the ground that HAMP itself does not provide a private cause of action and thus plaintiff cannot bring a claim under Chapter 93A that is premised on a violation of HAMP.

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  Mass. Gen. Laws ch. 93A, § 2.  An individual has a private right of action under § 9 of that chapter.  To prevail on a Chapter 93A claim, the plaintiff:

> must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that the [plaintiff] suffered a loss of money or property as a result.

Morris v. BAC Home Loans Servicing, L.P., 2011 WL 1226974, *3 (D. Mass. April 4, 2011) (citations omitted).  To prove a Chapter 93A claim, "it is neither necessary nor sufficient that a particular act or practice violate common or statutory law."  Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 66 (1st Cir. 2009) (citations omitted).

A violation of HAMP that is unfair or deceptive in and of itself could, therefore, create a viable claim under Chapter 93A

even though HAMP does not provide a private cause of action. E.g., Morris, 2011 WL 1226974 at *3 (citing Bosque v. Wells Fargo Bank, N.A., 2011 WL 304725, *7-8 (D. Mass. Jan. 26, 2011) and Speleos v. BAC Home Loans Servicing, L.P., 2010 WL 5174510, *6 (D. Mass. Dec. 14, 2010)); see Ordning v. BAC Home Loans Servicing, L.P., 2011 WL 99016, *7 (D. Mass. Jan. 10, 2011) (finding no private cause of action under HAMP and listing cases to same effect). For such a claim to proceed, however, not only must the violation itself be unfair or deceptive but recovery under Chapter 93A must also be compatible with the objectives and enforcement mechanisms of the underlying statute. Ordning, 2011 WL 99016 at *4. Recovery under Chapter 93A has been found to be compatible with the objectives and enforcement mechanisms of HAMP. See Morris, 2011 WL 1226974 at *5 (analyzing compatibility); Blackwood v. Wells Fargo Bank, N.A., 2011 WL 1561024, *4 (D. Mass. April 22, 2011) (same).

With respect to the elements of Chapter 93A that must be proved, other sessions of this Court have relied on this session's decision in Speleos v. BAC Home Loans Servicing, L.P. to support the conclusion that a violation of HAMP that is itself deceptive could create a viable claim under Chapter 93A. In Speleos, however, this Court attempted to reiterate a well-established principle regarding negligence per se which is distinct from the claim under Chapter 93A presented here. This

Court declines to adopt the expansive reading of Chapter 93A embraced by other sessions in this District because even if an unfair or deceptive violation of HAMP is actionable under Chapter 93A, such a conclusion is inapplicable here.

The issue in this case is whether the alleged violation of HAMP is unfair and deceptive in and of itself. Plaintiff alleges that, despite the completed loan modification application and supporting financial documentation she provided, Ocwen failed to evaluate her application and instead sent her a loan modification denial letter stating that her "financial details" were missing.

Even if defendant's actions constituted a violation of HAMP, and it is unclear whether they did, plaintiff must plead (and later prove) not only that the HAMP guidelines were violated but also that Ocwen's actions were unfair or deceptive. See Morris, 2011 WL 1226974 at *6. Indeed, "not every technical violation of HAMP should expose a servicer to Chapter 93A liability." Id. at *7. Plaintiff alleges that Ocwen failed to evaluate her HAMP application despite the fact that Ocwen sent her a loan modification denial letter in response. Without further factual detail demonstrating unfairness, as opposed to clerical error or mere negligence, her claim for a violation of Chapter 93A cannot be sustained. See id.; Brown v. Bank of America Corp., 2011 WL 1311278, *3 (D. Mass. March 31, 2011) (citing Baena v. KPMG LLP, 453 F.3d 1, 3 (1st Cir. 2006)). The Court will, therefore, allow

defendants' motion to dismiss Count I.

**ORDER**

In accordance with the foregoing, defendants' motion to dismiss Count I of the Complaint (Docket No. 7) is **ALLOWED** and Count I of the Complaint is hereby **DISMISSED**.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton  
                                                  Nathaniel M. Gorton  
                                                  United States District Judge

Dated May 17, 2011